DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR
LUMINENT MORTGAGE TRUST 2007-2,**
Appellant,

v.

**JULIO R. SANCHEZ** a/k/a **JULIO RAMIREZ SANCHEZ** and
**GINA CARVALLO,**
Appellees.

No. 4D17-1085

[April 25, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barry J. Stone, Senior Judge; L.T. Case No. CACE 15-21881.

Michael K. Winston, Dean A. Morande and Alana Zorrilla-Gaston of Carlton Fields Jorden Burt, P.A., West Palm Beach, for appellant.

Matthew Bavaro and Chase E. Jenkins of Loan Lawyers, LLC, Fort Lauderdale, for appellees.

*ON MOTION FOR CLARIFICATION*

PER CURIAM.

We grant the motion for clarification, withdraw the previous opinion, and substitute the following.

This appeal involves successive foreclosure lawsuits filed by HSBC Bank against the Appellees (the "borrowers"). The trial court found that the Bank's complaint failed to state a cause of action because the default date alleged fell during the pendency of its prior foreclosure action. Because the Bank alleged a series of payment defaults which were successive causes of action, some accruing during the pendency of the first suit and some accruing after its dismissal, we reverse.

In this case, the first foreclosure suit was filed in 2009 and judgment was entered in favor of the borrowers on April 9, 2014 (with prejudice).

The second foreclosure suit was filed in 2015, alleging that the borrowers were in default for failing to make the payment due under their note on May 1, 2011, and all subsequent payments. Following a non-jury trial, the court found in favor of the Bank on all issues, and would have entered judgment in favor of the Bank but for language found in *Bartram v. U.S. Bank Nat'l Ass'n*, 211 So. 3d 1009 (Fla. 2016), which said:

> [The lender] was not precluded by the statute of limitations from filing a subsequent foreclosure action based on payment defaults occurring *subsequent to the dismissal of the first foreclosure action*, as long as the alleged subsequent default occurred within five years of the subsequent foreclosure action.

*Id.* at 1012 (emphasis added). The trial court interpreted this language to mean that a second or subsequent foreclosure complaint failed to state a cause of action where it alleged a payment default occurring *prior to* the dismissal of the first foreclosure action.

The issue in *Bartram* was not whether the lender stated a cause of action for foreclosure. The issue was whether the lender retained its "ability to enforce its rights" under a note and mortgage that were the subject matter of a previously dismissed foreclosure action brought by the lender. *Id.* at 1015. In *Bartram*, the lender acknowledged "that it could not seek to foreclose the Mortgage based on Bartram's defaults prior to the first foreclosure action, but could seek foreclosure on defaults occurring subsequent to the dismissal of the first foreclosure action." *Id.* at 1015. It was in this procedural posture that the court found "each subsequent default accruing after the dismissal of an earlier foreclosure action creates a new cause of action." *Id.* at 1020. *Bartram* did not address whether a lender can recover unpaid interest, fees, and costs accrued during the pendency of an earlier foreclosure action.

We find that the Bank here stated a cause of action for foreclosure by alleging a continuing series of missed payments (separate and distinct defaults) occurring both while the first cause of action was pending and continuing after the first cause of action was dismissed, and where the initial default alleged in the subsequent suit occurred after the default upon which the initial foreclosure action was based. *See PHH Mortgage Corp. v. Parish*, 43 Fla. L. Weekly D242a (Fla. 2d DCA Jan. 26, 2018) (quoting *Bartram*, 311 So. 3d at 1019); *see also Desai v. Bank of New York Mellon Trust Co.*, 43 Fla. L. Weekly D527d (Fla. 4th DCA March 7, 2018) (finding the bank was not barred by either the statute of limitations or the doctrines of *res judicata* or collateral estoppel from recovering in a

- 2 -

subsequent foreclosure action damages accrued while the initial foreclosure action was pending).

We reverse the order of dismissal, remand for entry of judgment in favor of the Bank and further proceedings consistent with this opinion.

*Reversed and remanded for further proceedings.*

GERBER, C.J., GROSS and KUNTZ, JJ., concur.

\*　　\*　　\*

***Not final until disposition of timely filed motion for rehearing.***